FÉLIX CRUZ VILLANUEVA, Appellant, *v.* THE REGISTRAR OF
. PROPERTY OF GUAYAMA, Respondent.

No. 1386.   Decided January 4, 1962.

*C. Domínguez Rubio* for appellant. The Registrar did not
appear.

Division composed of Mr. Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

### JUDGMENT

In the Superior Court, Guayama Part, appellant Félix Cruz Villanueva filed a dominion title proceeding over a certain property of 43.76 cuerdas, situated in the ward of Marín, of Patillas. The property object of the proceeding comprised several parcels adjoining each other which the moving party had acquired by exchange. After following the prop-

er pröcedure, the trial court entered an order approving the dominion title proceeding and ordering its registration in the Registry of Property.

A certified copy of that order having been presented for registration, the Registrar returned the document without making any operation "since it does not contain a description of the different parcels or properties which constitute the real object of the dominion title proceeding and not the property formed by consolidation thereof, which may be consolidated only by public deed, wherefore it is impossible to comply with the conditions precedent which must be met pursuant to the provisions of § 393 of the existing Mortgage Law." An administrative appeal was taken from this decision. Once again the respondent has not filed any brief in support of his decision

■■ The action of the Registrar in connection with the judicial order approving the dominion title proceeding clearly exceeds the powers to classify vested in said officer, *Izquierdo* v. *Izquierdo*, 80 P.R.R. 68 (1957); *Valiente* v. *Registrar*, 63 P.R.R. 143 (1944); *Solá* v. *Registrar*, 39 P.R.R. 449 (1929); *Ramírez* v. *The Registrar of Property*, 16 P.R.R. 330 (1910), namely, to determine whether the court had jurisdiction and the procedure followed complies with the pertinent legal provisions, *Wilcox* v. *Registrar*, 67 P.R.R. 445 (1947). On the other hand, the ground advanced in the decision denying record—failure to comply with the provisions of § 393 of the Mortgage Law, 30 L.P.R.A. § 735—is erroneous, since this provision is not applicable to dominion title proceedings but only to possessory title proceedings, which are the only ones in which the law imposes on the Registrar the obligation to examine the Registry in order to determine whether there is any entry relating to the same real property which may be fully or partially cancelled as a result of the registration sought. *P.R. Leaf Tobacco Co.* v. *Reg. of Property*, 17

P.R.R. 215 (1911); *Toro* v. *Registrar*, 25 P.R.R. 438 (1917); *Succession of Medina* v. *Reg. of Guayama*, 27 P.R.R. 188 (1919).

The decision appealed from is set aside and the Registrar of Property of Guayama is ordered to record the order object of the present appeal.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) IGNACIO RIVERA
*General Secretary*